# IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| REPUBLIC-VANGUARD INSURANCE COMPANY,<br><br>                 Plaintiff,<br><br>   v.<br><br>NIGHT AND DAY REMODELING, LLC d/b/a ABC ROOFING AND EXTERIORS, NEIGHBORS CONSTRUCTION CO., INC., and PARK PLACE RESIDENCE 1, LLC,<br><br>                 Defendants. | Case No. 2:20-cv-02105 |

NEIGHBORS CONSTRUCTION CO., INC.,

                 Counter-Claimant,

   v.

REPUBLIC-VANGUARD INSURANCE COMPANY,

                 Counter-Defendant.

_____

NEIGHBORS CONSTRUCTION CO., INC.,

                 Cross-Claimant

   v.

NIGHT AND DAY REMODELING, LLC d/b/a ABC ROOFING AND EXTERIORS, and PARK PLACE RESIDENCE 1, LLC,

                 Cross-Defendants.

_____

PARK PLACE RESIDENCE 1, LLC

                 Cross-Claimant

   v.

NIGHT AND DAY REMODELING, LLC d/b/a ABC ROOFING AND EXTERIORS, and

| | |
|---|---|
| NEIGHBORS CONSTRUCTION CO., INC., | ) |
| | ) |
| Cross-Defendants. | ) |

# FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Republic-Vanguard Insurance Company ("Republic"), by and through its undersigned counsel, for its First Amended Complaint for Declaratory Judgment, states as follows:

## PARTIES

1. Plaintiff Republic is an insurance company incorporated in Arizona with its principal place of business in Dallas, Texas.

2. Night & Day Remodeling, LLC d/b/a ABC Roofing Exteriors ("Night & Day") is a Kansas limited liability company in forfeited status with its registered office located at 401 S. Clairborne Road, Suite 205, Olathe, Kansas 66062 and its mailing address located at 23822 W. 69th Terrace, Shawnee, KS 66226.  The sole member of Night & Day is Orin Sweeney, who is an individual citizen of the State of Kansas.  Previously, the members of Night & Day were Orin Sweeney and his wife, Gina Sweeney.  Gina Sweeney is an individual citizen of the State of Kansas.

3. Neighbors Construction Co., Inc. ("Neighbors") is a Kansas corporation in good standing with its principal place of business at 15226 W. 87th Parkway, Lenexa, Kansas 66219.

4. Park Place Residence 1, LLC ("Park Place") is a Kansas limited liability corporation in good standing with its registered office located at 112 SW 7 Street, Suite 3C, Topeka, Kansas 66603. The sole member of Park Place Residence 1, LLC is Park Place Investors, LLC, which is also a Kansas Limited Liability Company.  Park Place Investors, LLC, has two members: (1) Cecil Van Tuyl 2006 Irrevocable Trust; and (2) Park Place Partners, LLC.  The Trustee of Cecil Van Tuyl 2006 Irrevocable Trust is PLL Trust Company, LLC, which is based in

Sioux Falls, South Dakota. The sole member of PLL Trust Company, LLC is the PLL SD Trust dated October 1, 2019. The PLL SD Trust is a grantor trust. The Grantor of PLL SD Trust is one Paula Logan, who is an individual citizen of the State of Kansas. The other member of Park Place Investors, LLC is Park Place Partners, LLC. The members of Park Place Partners, LLC are Jeff Alpert and Melanie Mann. Jeff Alpert and Melanie Mann are both individual citizens of the State of Kansas.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. § 1332 based on diversity of citizenship between Plaintiff (who is considered to be a citizen of Arizona and Texas) and Defendants (each of whom is considered to be a citizen of the State of Kansas and/or the State of South Dakota), and because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically to the amount in controversy, as set forth in greater detail herein, Republic's request for declaratory relief herein concerns an underlying construction defect claim alleging damages in the millions of dollars.

6. This Court has personal jurisdiction over each of the Defendants named herein because each of them is or was organized under the laws of the State of Kansas and/or had its principal place of business in the State of Kansas.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Defendants reside within this District and a substantial part of the events or omissions giving rise to this Complaint for Declaratory Judgment occurred within this District.

8. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

9. An actual and justiciable controversy exists between Republic and all named Defendants and, therefore, this Court is authorized to declare the parties' rights and legal obligations under the Policy.

## GENERAL ALLEGATIONS

### I. Park Place's Lawsuit

10. On March 20, 2017, Park Place filed a lawsuit captioned *Park Place Residence 1, LLC v. Neighbors, et al.*, Case No. 17CV01439, currently pending in the District Court of Johnson County, Kansas (hereinafter the "Lawsuit"). The operative First Amended Petition for Damages is attached hereto as Exhibit A.

11. Park Place alleges that it incurred millions of dollars in damages as a result of construction and design-related issues at a project that it owns called Park Place, which it describes as a luxury living area in Leawood, Johnson County, Kansas (the "Project").

12. The Project consists of three buildings known as The Lofts and The Residences (R1 and R2), in addition to a pool and a cabana-type structure.

13. The Lofts, sometimes called Phase I, located at 5251 W. 115th Place, consists of a four-story structure above a parking garage with a total of 27 loft-style apartments.

14. The R1 building, sometimes called as Phase II, located at 5280 W. 115th Place, contains 16 townhomes, 60 apartments, and a parking garage.

15. The R2 building, sometimes called Phase III, located at 5200 W. 115th Place, contains 14 townhomes, 60 apartments, and a parking garage.

16. Neighbors served as general contractor for the Project pursuant to a contract with Park Place.

17. Humphreys & Partners Architects, L.P. ("Humphreys"), one of two architectural firms named in the Petition, was the architect/design professional for the Lofts pursuant to a contract with Park Place.

18. NSPJ Architects, P.A. ("NSPJ"), the other architectural firm named in the Petition, was the architect/design professional for the R1 and R2 buildings pursuant to a contract with Park Place.

19. Park Place alleges that it discovered numerous design and/or construction issues at the Project.

20. Among other problems, Neighbors' work, including the work of its subcontractors, allegedly did not conform to the plans, specifications and contract documents in numerous respects related to exterior tile installation, allegedly resulting in some exterior tiles falling from each building at the Project and necessitating complete demolition, redesign and installation of a new exterior cladding system on each building.

21. These issues were allegedly caused, in whole or in part, by errors, omissions and negligence in the design or construction of the Project.

22. Park Place alleges that its damages exceed at least $3.8 million, not including liquidated damages.

23. Park Place alleges causes of action against Neighbors for breach of contract, negligence, and breach of express and implied warranty.

## II.     **Neighbors' Third-Party Petition**

24. On April 20, 2017, Neighbors filed a Third-Party Petition against a number of subcontractors that worked on the Project, including Night & Day. Neighbors' operative Second

Amended Third-Party Petition against 16 subcontractors and suppliers that performed various aspects of the work and provided supplies for the Project is attached hereto as Exhibit B.

25. Neighbors entered into a subcontract with Night & Day, dated July 1, 2014, to perform work on the R1 and R2 buildings, including installation of tile on the exterior of the R1 and R2 buildings.

26. Neighbors alleges that Night & Day failed to install exterior tiles in accordance with the manufacturer's guidelines and industry standards, failed to grout and/or caulk the exterior tile joints, failed to install movement joints, failed to properly install shower tile, failed to make the showers water tight, failed to hire competent and qualified help, failed to properly install tile on the podium, and failed as alleged in Park Place's Petition.

27. Neighbors alleges that it incurred damages of at least $2 million as a result of the alleged acts and omissions of Night & Day, Elite Cabinets and Granite, LLC, the subcontractors that Neighbors retained to install exterior tiles on the Lofts, and Innovative Builder Solutions Corporation, the exterior wall tile supplier.

28. Neighbors alleges causes of action against Night & Day for breach of contract, breach of warranty, negligence, and indemnification.

**III.   The Policy**

29. Republic issued a Commercial General Liability (CGL) policy under Policy No. PGL006200-14 to Night & Day (the "Policy"). A copy of the Policy is attached hereto as Exhibit C.

30. Subject to all of its terms, limitations and conditions, the Policy's Commercial General Liability Coverage Part, under the Insuring Agreement in Section 1, Coverage A (Bodily Injury and Property Damage Liability), obligates Republic to pay those sums that the insured

becomes legally obligated to pay as damages because of "property damage" to which this insurance applies.

31. Under the Insuring Agreement, Republic has the right and duty to defend the insured against any "suit" seeking those damages, but Republic has no duty to defend the insured against any "suit" seeking damages for "property damage" to which the insurance does not apply.

32. The insurance applies only to "property damage" that is caused by an "occurrence."

33. The "property damage" must occur during the policy period of January 31, 2014, to January 31, 2015.

34. Under the Policy's endorsement entitled "Condominium, Apartment, Townhouse or Tract Housing Coverage Limitation Endorsement," the insurance does not apply to "property damage," however caused, arising directly, or indirectly, out of, or related to an insured's or an insured's sub-contractor's operations, "your work," or "your product," that are incorporated into a condominium, apartment or townhouse project that exceeds 25 units. The exclusion does not apply if "your work" or "your product" occurs after the condominium, apartment or townhouse project has been completed and certified for occupancy, unless "your work" or "your product" is to repair or replace "your work" or "your product" that occurred prior to completion and certification for occupancy.

35. Under the Policy's endorsement entitled "Contractor or Subcontractor Special Conditions," as a condition precedent to coverage for any claim for injury or damage based, in whole or in part, upon work or operations performed on the insured's behalf by a "contractor or subcontractor," the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit":

    (1) Received a written indemnity agreement from the "contractor or subcontractor" holding the insured harmless

        for all liabilities, including costs of defense, arising from the work of the "contractor or subcontractor";

(2)    Obtained certificates of insurance from the "contractor or subcontractor" indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $1,000,000 per occurrence;

(3)    Obtained proof that the "contractor or subcontractor" has workers compensation insurance if required by the state in which the job(s) is located; and

(4)    Obtained proof that all licenses as required by local and/or state statute, regulation or ordinances are up to date.

36. Under the "Contractor or Subcontractor Special Conditions" endorsement, the insured is required to maintain the records evidencing compliance with paragraphs (1) through (4) for a minimum of five years from the expiration date of the policy. In the event that records of the coverage indicated under (2), (3), and (4) are not maintained, Republic has no obligation to defend or indemnify any insured for a "suit" based, in whole or in part, upon work or operations performed on the insured's behalf by a "contractor or subcontractor" represented by the certificates of insurance references in (2), (3) and (4).

37. As used in the "Contractor or Subcontractor Special Conditions" endorsement, "contractor or subcontractor" is defined to mean any person or organization performing work or operations on the insured's behalf other than anyone who, prior to the start of work and the date of the "occurrence" giving rise to the claim or suit, was being directly paid by the insured as an "employee" as required under applicable state and federal government regulations.

38. The Policy defines "property damage" to include "physical injury to tangible property, including all resulting loss of use of that property."

39. The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

8

40. The Policy defines "your work" to mean work or operations performed by you or on your behalf and materials, parts or equipment furnished in connection with such work or operations and to include warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work" and the providing of or failure to provide warnings or instructions.

41. The Policy defines "your product" to mean any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by you, others trading under your name, or a person or organization whose business or assets you have acquired and containers, materials, parts or equipment furnished in connection with such goods or materials and includes warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product" and the providing of or failure to provide warnings or instructions.

42. Under the Policy's endorsement entitled "Policy Changes," Policy Change Number 1, Form CG 2010 0704, Additional Insured-Owners, Lessees, or Contractors is added to the Policy, effective July 21, 2014.

43. The Additional Insured-Owners, Lessees or Contractors – Scheduled Person or Organization endorsement, Form CG 2010 0704, contains the following Schedule:

**SCHEDULE**

| **Name of Additional Insured Person(s) Or Organization(s):** | **Location(s) Of Covered Operations** |
|---|---|
| NEIGHBORS CONSTRUCTION CO<br>9800 LEGLER RD<br>LENEXA, KS 66219 | VARIOUS LOCATIONS |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

44.     Under the Additional Insured-Owners, Lessees or Contractors – Scheduled Person or Organization endorsement, Section II – Who Is An Insured under the Commercial General Liability Coverage Part is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to, in relevant part, liability for "property damage" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf in the performance of your ongoing operations for the additional insured(s) at the locations designated above.

45.     With respect to the insurance afforded to the additional insureds under the Additional Insured-Owners, Lessees or Contractors – Scheduled Person or Organization endorsement, the insurance does not apply to "property damage" occurring after all work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed or that portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

46.     For purposes of the Policy, "you" and "your" refer to Night & Day, the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under the Policy.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment against Night & Day and Neighbors)

47.     Republic repeats and re-alleges paragraphs 1 through 46 as though fully set forth herein.

48. Under the "Condominium, Apartment, Townhouse or Tract Housing Coverage Limitation Endorsement" to the Policy, insurance thereunder does not apply to "property damage," however caused, arising directly, or indirectly, out of, or related to an insured's or an insured's sub-contractor's operations, "your work," or "your product," that are incorporated into a condominium, apartment or townhouse project that exceeds 25 units.

49. There is no potential for coverage under the Policy if the alleged "property damage" arises out of or relates to an insured's or an insured's sub-contractor's operations, "your work," or "your product" that is incorporated into a condominium, apartment or townhouse project with more than 25 units, unless "your work" or "your product" occurs after the project has been completed and certified for occupancy and "your work" or "your product" is not to repair or replace "your work" or "your product" that occurred prior to completion and certification for occupancy.

50. Night & Day's work and operations were incorporated into the R1 and R2 buildings, each of which contains more than 25 units.

51. Night & Day and its subcontractors' operations occurred before the R1 and R2 buildings were completed and certified for occupancy.

52. Therefore, Republic has no obligation to provide a defense or liability insurance coverage under the Policy to Night and Day or Neighbors in connection with the Lawsuit because the claim is barred by an applicable exclusion.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment against Night & Day and Neighbors)**

53. Republic repeats and re-alleges paragraphs 1 through 52 as though fully set forth herein.

54. The "Contractor or Subcontractor Special Conditions" endorsement to the Policy sets forth a condition precedent to coverage under the Policy for any claim for injury or damage

11

based, in whole or in part, upon work or operations performed on the insured's behalf by a "contractor or subcontractor." Under that condition precedent to coverage, the insured must have, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit":

    (1)    Received a written indemnity agreement from the "contractor or subcontractor" holding the insured harmless for all liabilities, including costs of defense, arising from the work of the "contractor or subcontractor";

    (2)    Obtained certificates of insurance from the "contractor or subcontractor" indicating that the insured is named as an additional insured and that coverage is maintained with minimum limits of $1,000,000 per occurrence;

    (3)    Obtained proof that the "contractor or subcontractor" has workers compensation insurance if required by the state in which the job(s) is located; and

    (4)    Obtained proof that all licenses as required by local and/or state statute, regulation or ordinances are up to date.

55. The "Contractor or Subcontractor Special Conditions" endorsement further required the insured to maintain the records evidencing compliance with paragraphs (1) through (4) for a minimum of five years from the expiration date of the policy.

56. In the event that records of the coverage indicated under (2), (3), and (4) were not maintained, Republic has no obligation to defend or indemnify any insured for a "suit" based, in whole or in part, upon work or operations performed on the insured's behalf by a "contractor or subcontractor" represented by the certificates of insurance references in (2), (3), and (4).

57. Night & Day performed its work under its subcontract with Neighbors through "contractors or subcontractors" as defined in the endorsement.

58. Night & Day did not, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit," receive written indemnity agreements from the "contractors or subcontractors."

59. Night & Day did not, prior to the start of work and the date of the "occurrence" giving rise to the claim or "suit," obtain certificates of insurance from the "contractors or subcontractors."

60. Night & Day did not maintain records evidencing compliance with paragraphs (1) through (4) of the endorsement for a minimum of five years from the expiration date of the Policy.

61. In order for coverage to potentially apply under the Policy, Night & Day was required to comply with the conditions precedent in the "Contractor or Subcontractor Special Conditions" endorsement.

62. Republic is under no obligation to provide a defense or liability insurance coverage under the Policy to Night & Day or Neighbors in connection with the Lawsuit because Night & Day failed to comply with the conditions precedent in the "Contractor or Subcontractor Special Conditions" endorsement.

**WHEREFORE**, Plaintiff Republic prays for judgment in its favor and against defendants Night & Day, Neighbors, and Park Place Residence 1, LLC as set forth below:

A. For a declaration that Republic owes no duty to defend or indemnify Night & Day or Neighbors in connection with the Lawsuit;

B, For its attorneys' fees and costs; and

C. For such other relief as is just and equitable herein.

Dated:  June 15, 2020

>Respectfully submitted,
>
>*/s/ Bruce A. Moothart*
>Bruce A. Moothart     #17263
>SEYFERTH BLUMENTHAL & HARRIS LLC
>4801 Main Street, Suite 310
>Kansas City, MO  64112
>Telephone: 816-756-0700
>Facsimile:  816-756-3700
>Email:  Bruce@sbhlaw.com
>
>Rostyslaw J. Smyk, Esq.  (admitted *pro hac vice*)
>Ruberry, Stalmack & Garvey, LLC
>10 South LaSalle Street
>Chicago, Illinois  60603
>Telephone: 312-466-0023
>Facsimile: 312-466-8055
>ross.smyk@ruberry-law.com